IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BARON BADILLO,

    Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; former warden JILL BROWN; Lieutenant RODGRIGUEZ; Sergeant D. FOOTMAN; Correctional Officer FITTS; and Correctional Officer GUTHRIE,

    Defendants.
                               /

No. C 06-0072 WHA (PR)

**ORDER OF SERVICE AFTER AMENDMENT**

## STATEMENT

Plaintiff, a former inmate of San Quentin State Prison, filed a pro se civil rights complaint under 42 U.S.C. § 1983. In the initial review order plaintiff's claim against the California Department of Corrections and Rehabilitation was dismissed with prejudice and his other claims, against defendants Brown and Footman, were dismissed with leave to amend. He has amended. The court will now review the amended claims to determine whether they should be served. *See* 28 U.S.C. § 1915A(b)(1),(2) (court must screen prisoner complaints and dismiss claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief).

**DISCUSSION**

**A. Legal Claims**

The defendants in the original complaint were the CDCR, Brown, and Footman. In the amended complaint on the pages provided for listing the defendants plaintiff lists Brown and Footman, plus Rodriguez, Fitts, and Guthrie. In his statement of the facts, however, he names only Rodriguez and Guthrie, who he says were responsible for him and other protective custody inmates being escorted near general population inmates. He was shot with home-made dart gun and contends he contracted hepatitis-C as a result. This is sufficient to state a claim against Rodriguez and Guthrie.

As to the other defendants, plaintiff presents only generalized and conclusory allegations, which are insufficient. *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (a complaint must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests."); *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) ("a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level."). The claims against the other defendants will be dismissed without prejudice.

**CONCLUSION**

For the foregoing reasons,

1. Plaintiff's claims against defendants Brown and Footman, Rodriguez, Fitts, and Guthrie are **DISMISSED** without prejudice.

2. Plaintiff's claims against defendants Rodriguez and Guthrie may proceed. The clerk shall issue summons and the marshal shall serve the amended complaint upon the following defendants: Lieutenant Rodriguez and Correctional Officer Guthrie. Plaintiff states that these defendants can be found at San Quentin State Prison.

3. In order to expedite the resolution of this case, the Court orders as follows:

   a. Defendants shall file a motion for summary judgment or other dispositive

2

motion within sixty days of the date this order is entered. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date their summary judgment motion is due. All papers filed with the Court shall be promptly served on the plaintiff.

      b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.), *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

      c. If defendants wish to file a reply brief, they shall do so no later than fifteen days after service of the opposition.

      d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

4. All communications by plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

6. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of

Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July   9   , 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.06\BADILLO072.SRV

4

## NOTICE -- WARNING
## (SUMMARY JUDGMENT)

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

## NOTICE -- WARNING
## (EXHAUSTION)

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.