IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARON BADILLO,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., ; former warden JILL BROWN; Lieutenant RODGRIGUEZ; Sergeant D. FOOTMAN; Correctional Officer FITTS; and Correctional Officer GUTHRIE,<br><br>  Defendants.<br>                                                              / | No. C 06-0072 WHA (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

This is a civil rights case filed pro se by a state prisoner. The remaining defendants, Rodriguez and Guthrie, have moved for summary judgment. Plaintiff has opposed the motion and defendants have replied. For the reasons set out below, the motion is **GRANTED**

**DISCUSSION**

**A.  STANDARD OF REVIEW**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute

1  as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a
2  verdict for the nonmoving party. *Ibid.*

3  The moving party for summary judgment bears the initial burden of identifying those
4  portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine
5  issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986); *Nissan Fire &
6  Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving party has
7  met this burden of production, the nonmoving party must go beyond the pleadings and, by its
8  own affidavits or discovery, set forth specific facts showing that there is a genuine issue for
9  trial.. *Ibid.* If the nonmoving party fails to produce enough evidence to show a genuine issue of
10 material fact, the moving party wins. *Ibid.*

**B.   ANALYSIS**

Plaintiff claims that defendants Rodriguez and Guthrie violated his Eighth Amendment right to be safe from assaults by other prisoners by escorting him and other protective custody inmates near cells that housed general population inmates. He was shot with a home-made dart gun and contends he contracted hepatitis-C as a result.

The Eighth Amendment requires that prison officials take reasonable measures for the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005); *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. *Farmer*, 511 U.S. at 834; *Hearns*, 413 F.3d at 1040-41.

It is undisputed that plaintiff was housed in Alpine Section, an area for protective custody inmates. The layout of the prison requires that Alpine Section inmates pass through Badger Section, an area for high-security general population inmates, to get to and from the exercise yard (Decl. Guthrie ¶ 3-4). Plaintiff's claim is that he was shot with a dart from a

2

home-made blowgun while passing through Badger Section on the way back from the yard.

In his declaration defendant Guthrie says that on the date of the incident, April 2, 2005, he was working as a fifth tier officer and that his job duties did not include supervising the recall from yard exercise of plaintiff's group, Alpine Section (*id.* ¶ 2). He says that he has never seen Badger Section inmates shoot darts or other sharp objects at Alpine Section inmates passing through, nor has he heard about any such incident (*id.* ¶ 5). He notes that the Badger Section cells have grates over the cell fronts; his "understanding" is that the purpose of the grates is to prevent "darts and other weapons from going through it" (*id.* ¶ 4). He has, however, seen Badger Section inmates throw almonds and cups of urine and feces at Alpine inmates, and vice versa (*id.* ¶ 5). Badger Section inmates sometimes hang blankets and towels over the front of their cells to try to prevent the Alpine inmates from gassing them (*id.*).[1] Plaintiff never told Guthrie that he felt unsafe walking through Badger Section (*id.*).

In his declaration Rodriguez says that on the day of the incident he was working in Carson Section (Decl. Rodriguez ¶ 2). He was not responsible for supervising the Alpine Section recall, which does not go through Carson Section, and did not see plaintiff get shot with a dart (*id.* ¶ 3). He had observed the recall on two occasions prior to the date of the incident and had not seen Badger Section inmates throwing anything, nor had he heard about any such incidents (*id.* ¶ 4).

Plaintiff was warned in the order of service that to oppose a motion for summary judgment he must "set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial." He was further warned that "if you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you." Despite this warning, plaintiff has provided only argument and copies of irrelevant documents in opposition, rather than a

---

[1] The Court is aware from other cases that throwing human waste on another person, often a guard, is known in prison as "gassing." The phrase is sometimes used here for convenience.

3

1 declaration or other evidence that would go to what these particular defendants did that
2 purportedly violated his rights. The opposition itself is not verified, so does not provide
3 evidence of factual allegations in it; but more importantly, plaintiff does not provide any facts,
4 even unsworn facts in argument, that refute the defendants' evidence. Plaintiff thus has failed
5 to show the existence of a genuine issue of material fact, so the only question is whether the
6 movants are entitled to judgment as a matter of law on the undisputed facts.

7 Neither negligence nor gross negligence will constitute deliberate indifference. *Farmer*
8 *v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A
9 prison official cannot be held liable under the Eighth Amendment for denying an inmate
10 humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the
11 official knows of and disregards an excessive risk to inmate health or safety. *Farmer*, 511 U.S.
12 at 837. The official must both be aware of facts from which the inference could be drawn that a
13 substantial risk of serious harm exists, and he must also draw the inference. *Id.*

14 No reasonable jury could find that the facts as to Rodriguez, which amount to no more
15 than that he had never heard of or seen Badger Section inmates throw things at the Alpine
16 Section inmates, are sufficient to establish criminal recklessness on his part. The motion for
17 summary judgment will be granted as to Rodriguez.

18 Guthrie's motion is closer, because he concedes that he knew inmates from Badger
19 Section inmates sometimes threw almonds and cups of urine and feces at the Alpine Section
20 inmates coming through, although "more often" it was the other way round, with the Alpine
21 Section inmates attempting to gas Badger Section inmates (Decl. Guthrie, ¶ 5). But he also says
22 that he had never seen Badger Section inmate shoot metal darts or other sharp objects at the
23 Alpine Section inmates, nor had he ever heard of such incidents (*ibid*.). Thus the question is
24 whether it was criminally reckless for Guthrie not to act to prevent plaintiff's having to walk
25 through Badger Section, knowing that Badger Section inmates sometimes threw almonds at
26 Alpine inmates or attempted to gas them.

27 It would have been desirable if prison authorities had remedied the problem of Alpine
28 inmates having to walk through Badger Section, but given the very high standard for showing

4

deliberate indifference to a safety need set out above, it cannot be said that Guthrie was criminally reckless in not doing something about it. On this record, he was not deliberately indifferent. *See Farmer*, 511 U.S. at 837 (to establish deliberate indifference plaintiff must show that defendant knew of and disregarded an excessive risk to inmate health or safety). The motion for summary judgment will be granted as to Guthrie as well.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (document number 21 on the docket) is **GRANTED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 29, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.06\BADILLO072.MSJ.wpd

5